IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff,

        v.

[30] HILDA GUZMAN-RAMOS,

    Defendant.

CRIM. NO.: 11-345(DRD/SCC)

**REPORT AND RECOMMENDATION ON PLEA OF GUILTY**

**I. PROCEDURAL BACKGROUND**

On September 8, 2011, defendant Hilda Guzman-Ramos was charged in a multi-count indictment. On June 8, 2012, the defendant, assisted by the court interpreter, appeared before me and agreed to plead guilty to count one of the indictment. *See United States v. Woodard*, 387 F.3d 1329 (11th Cir. 2004) (holding that a magistrate judge may, with the defendant's consent, conduct a Rule 11 guilty plea hearing). Count one charges that the defendant did knowingly and intentionally combine, conspire, and agree to possess with intent to distribute controlled substances, all in violation of Title 21, United States Code, §§ 841(a)(1), 846, and 860.

United States v. Guzman-Ramos
Crim. No. 11-345(DRD/SCC)
Report and Recommendation

The defendant was advised of the purpose of the hearing and placed under oath, with instructions that her answers must be truthful or she would subject himself to possible charges of perjury or making a false statement.

## II. CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE

The defendant was provided with, and signed, a form waiving her right to trial by jury.[1] She confirmed that her attorney explained and translated the form, and she was further explained her right to have all proceedings, including the change of plea hearing, conducted by a district judge. To this end, defendant was made to understand the differences between the functions and jurisdiction of magistrate and district judges, and that, if she chose to proceed before a magistrate judge, that the magistrate would hold the hearing and prepare a report and recommendation, which would be subject to review by and the final approval of the district judge. Having heard all of this, the defendant consented to proceed before a magistrate judge.

## III.   PROCEEDINGS UNDER RULE 11 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

The acceptance of guilty pleas for federal criminal violations is governed by Rule 11 of

---

1. That form, entitled Consent to Proceed before a United States Magistrate Judge in a Felony Case for Pleading Guilty, was signed and consented to by both parties, and is made part of the record.

United States v. Guzman-Ramos
Crim. No. 11-345(DRD/SCC)
Report and Recommendation

the Federal Rules of Criminal Procedure, pursuant to which a guilty plea is valid only if it is knowing and voluntary. *United States v. Hernandez-Wilson*, 186 F.3d 1, 5 (1st Cir. 2009). Accordingly, Rule 11 "ensure[s] that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of her plea.'" *United States v. Cotal-Crespo*, 47 F.3d 1, 4 (1st Cir. 1995) (quoting *McCarthy v. United States*, 394 U.S. 459, 467 (1969)). Thus, a Rule 11 proceeding must indicate (1) the absence of coercion, (2) an understanding of the charges, and (3) knowledge of the consequences of pleading guilty. *Cotal-Crespo*, 47 F.3d at 4 (citing *United States v. Allard*, 926 F.2d 1237, 1244 (1st Cir. 1991)).

## A. Competence to Enter a Guilty Plea

The defendant was questioned about her age, education, employment, history of treatment for mental illness or addiction, use of medication, drugs, or alcohol, and her understanding of the purpose of the hearing. It was confirmed that the defendant received a copy of the indictment and fully discussed the charges with her counsel and was satisfied with the advice and representation she received. The court inquired whether counsel for the defendant or the government had any doubts about the defendant's capacity to plead; neither had any doubts about defendant's competency. Upon hearing the defendant's responses and observing her demeanor, a finding was made that the defendant was competent to plead and was fully aware of the hearing's purpose.

3

United States v. Guzman-Ramos
Crim. No. 11-345(DRD/SCC)
Report and Recommendation

### B. Maximum Penalties

The defendant expressed her understanding of the maximum penalties prescribed by statute for the offense to which she was pleading guilty, namely, as to count one, a term of imprisonment of not less than ten years or more than life, a fine not to exceed $20,000,000, and a term of supervised release of at least ten years. However, based on the agreed and stipulated amount of narcotics possessed by the defendant, the maximum penalty shall be a term of imprisonment of not less than five or more than eighty years, a fine not to exceed $10,000,000, and a term of supervised release of at least eight years. Defendant was also informed that a special monetary assessment of $100 would also be imposed, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a). The court explained the nature of supervised release and the consequences of violating its terms.

### C. Plea Agreement

The defendant was shown documents titled Plea Agreement and Supplement to Plea Agreement (together, "Plea Agreement"), which are part of the record, and identified her initials and signatures. She confirmed that she had the opportunity to read and discuss the Plea Agreement with her attorney before signing, that her attorney had translated the document, that it represented the entirety of her understanding with the government, that

United States v. Guzman-Ramos
Crim. No. 11-345(DRD/SCC)
Report and Recommendation

she understood its terms, and that no one had made any other or different promises or assurances to induce her to plead guilty.

Pursuant to the Plea Agreement in this case, the Government had agreed to recommend, or has agreed not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate or that a particular provision of the Sentencing Guidelines or sentencing factor does not apply. *See* Fed. R. Crim. P. 11(c)(1)(B). The defendant was admonished, pursuant to Rule 11(c)(3)(B), that her sentence is a matter to be decided by the presiding judge, who may disregard the Agreement's recommendations and impose any sentence within the statutory range. To this end, the presiding judge may accept or reject the Plea Agreement or may defer decision until after considering the pre-sentence report. The defendant understood that she could not later withdraw her guilty plea because the presiding judge imposes a sentence greater than that recommended by the Plea Agreement.

The parties' sentencing calculations and recommendations appear in the Plea Agreement and were explained in open court. The defendant confirmed that these were the sentencing recommendations she agreed to with the government. The defendant was made to understand that the guidelines are no longer mandatory and are thus considered advisory, and that during sentencing, the court will consider the sentencing criteria found

5

United States v. Guzman-Ramos
Crim. No. 11-345(DRD/SCC)
Report and Recommendation

at Title 18, United States Code, Section 3553(a).

The defendant was advised that under some circumstances, she or the government may have the right to appeal the sentence the court imposes. The defendant was further informed, and professed to understand, that the Plea Agreement contains a waiver of appeal provision under which the defendant agreed to waive her right to appeal the judgment and sentence if the court accepts the Plea Agreement and sentences her according to its terms and conditions.

**D. Waiver of Constitutional Rights**

The defendant was specifically advised that she has the right to persist in a plea of not guilty, and that if she does so persist that she has the right to a speedy and public trial by jury, or before a judge sitting without a jury if the court and government so agree; that at trial she would be presumed innocent and the government would have to prove her guilt beyond a reasonable doubt; that she would have the right to assistance of counsel for her defense, and if she could not afford an attorney the court would appoint one to represent him; that at trial she would have the right to hear and cross-examine the government's witnesses, the right to decline to testify unless she voluntarily elected to do so, and the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify on her behalf. She was further advised that if she decided not to testify or put on

United States v. Guzman-Ramos
Crim. No. 11-345(DRD/SCC)
Report and Recommendation

evidence at trial, her failure to do so could not be used against him, and that at trial the jury must return a unanimous verdict before she could be found guilty.

The defendant expressed her understanding of these right, and her understanding that by entering a plea of guilty there would be no trial and she would be waiving or giving up the rights the court explained. The defendant's counsel attested that she explained these rights to her client and believed that the defendant understood her explanations. The defendant was also informed that parole has been abolished and that any sentence of imprisonment must be served. Further, defendant was explained that a pre-sentence report would be prepared and considered by the district judge at sentencing. Defendant was admonished that her guilty plea, if accepted, may deprive her of valuable civil rights, including the right to vote, to hold public office, and to possess a firearm. The defendant expressed her understanding of these consequences.

### E.  Factual Basis for the Guilty Plea

The government presented a summary of the basis in fact for the offense charged in count one and the evidence the government had available to establish the defendant's guilt beyond a reasonable doubt, should the case go to trial. The defendant understood this explanation and agreed with the government's submission as to evidence which could have been presented at trial.

7

United States v. Guzman-Ramos
Crim. No. 11-345(DRD/SCC)
Report and Recommendation

### F. Voluntariness

The defendant stated that she had not been induced to plead guilty, but, rather, that she was entering such a plea freely and voluntarily because she is in fact guilty, and that no one had threatened her or offered her a thing of value in exchange for her plea. She acknowledged that no one had made any promises in exchange for her guilty plea, other than the recommendations set fort in the Plea Agreement. Throughout the hearing, the defendant was able to consult with her attorney.

### IV. CONCLUSION

The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal Rules of Criminal Procedure and entered a plea of guilty as to count one of the indictment. After cautioning and examining the defendant under Rule 11, I find that the defendant, Hilda Ramos-Guzman, is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum penalties it carries, understands that the charge is supported by evidence and a basis in fact, has admitted to the elements of the offense, and has done so in an intelligent and voluntary manner with the full knowledge of the consequences of her guilty plea. Therefore, I recommend that the court accept the guilty plea and that the defendant be adjudged guilty as to count one of the indictment.

IT IS SO RECOMMENDED.

<u>United States v. Guzman-Ramos</u>
Crim. No. 11-345(DRD/SCC)
<u>Report and Recommendation</u>

The parties have fourteen days to file any objections to this report and recommendation. Failure to file the same within the specified time waives the right to appeal this report and recommendation. *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-51 (1st Cir. 1994); *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico, this 13th day of June, 2012.

<u>S/ SILVIA CARREÑO-COLL</u>
UNITED STATES MAGISTRATE JUDGE